Johnson, J.
delivered the opinion of the Court.
The plaintiffs, who are the children of Frances Kitchens, claim to derive a title to the slave in dispute by a deed from Thomas Gaither, which bears date the 23d of February, 1792. The consideration expressed in the deed is love and affection for the heirs of Frances Kitchens, wife of Charles Kitchens : And the donor, after reciting that he had given and granted, in ¿he usual form, proceeds ; “ and by these presents do give and grant unto the heirs of Frances Kitchens, wife of the aforementioned Charles Kitchens, four negroes, two males, and two females, and their offspring; the males by name Ben and Harry,” (the slave now in controversy,) “ the females by name Esther and Dinah, now being in my possesion, and which, before .the sealing and delivery of these presents, I have delivered unto the heirs of the said Frances Kitchens: To have and to hold the same to the heirs of the said Frances Kitchens, as their absolute right and property without any manner of condition.”
*120 At the time of the execution of this deed Frances Kitchens had only three children, and some of the plaintiffs were bom subsequently. It is conceded, that the statute of limitations will operate as a bar against all the children in esse at the time; and the sole ground on which that class of children resist its operation, is the infancy of one of the after-born children. So that the leading questions in the case are, 1st, whether the after-born children took any thing under the deed: 2d, if they did, whether the rights of those in esse are saved by the infancy of the after-born children.
Frances Kitchens was alive at the execution of this deed, and if the gift from Thomas Gaither to her heirs be taken literally, it is apparent, that the deed would be inoperative and void, as there could be no one in esse answering the description of the donees. The maxim is, nemo est hares viventis. The word is, however, frequently construed children; and without entering into the inquiry whether, in strictness, it should be so construed here, it may be conceded for the purposes of this case. The grant then would read to the “ children of Frances Kitchens,” habendum, to the children of the said Frances Kitchens. The question then arises, whether the after-born children are in-titled to take, as well as those in esse at the time of the gift. The intention of the donor is to be collected from the terms of the deed itself, and I think the gift is restrained to those in esse by the deed: for it recites that the donor, before the scaling and delivery, had delivered the said negroes “ unto the heirs of the said Frances Kitchens.” Now, the utter impracticability of making a delivery to persons not in existence, and who might never exist, is, if we take the terms themselves as a clue to the meaning of the donor, conclusive of his intention that those in esse only should take : and without this interpretation the deed would be incongruous, and inconsistent with itself. The after-born children are not therefore, intitled to take. Those in esse are barred by the statute ; and it follows, that the verdict is erroneous, and must be set aside.
In this view it becomes unnecessary to consider the second question ; and it is only noticed with the view of reserving it. I am aware that cases have been decided in our own Courts in conformity with the views of the counsel for the plaintiff; but I confess I have not yet been able to discover the correctness and *121 soundness of the principle, and shall feel disposed to hear argument upon it, when it shall become necessary.
Motion granted.